IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Cr. No. C-03-327 (1) |
| | | C.A. No. 05-168 |
| SEVERO SIMON-GUZMAN,[1] | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Severo Simon-Guzman's ("Simon-Guzman") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 24),[2] which was received by the Clerk on April 8, 2005 and is deemed filed as of April 6, 2005.[3] The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Simon-Guzman's motion is subject to dismissal because he waived his right to file the claim he raises therein. For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Simon-Guzman a Certificate of Appealability.

---

[1] In his motion, the defendant identifies himself as "Simon Guzman Sebero," but then signs his motion as Severo Simon Guzman. The Court utilizes the name that was used throughout his underlying criminal proceedings, Severo Simon-Guzman.

[2] Docket entry references are to the criminal case, Cr. C-03-327.

[3] Simon-Guzman's motion is dated April 6, 2005. It is deemed filed as of that date because that is the earliest date it could have been delivered to prison authorities for mailing, the pertinent act for determining when a document is filed by a *pro se* prisoner. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On November 12, 2003, Simon-Guzman was charged in an indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). On December 19, 2003, Simon-Guzman pleaded guilty to the single-count indictment, pursuant to a written plea agreement. (D.E. 7, 8). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 8).

The plea agreement contained a voluntary waiver of Simon-Guzman's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 8 at ¶ 7)(emphasis in original).

The Court questioned Simon-Guzman under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. According to the electronic recording of the

2

rearraignment, after ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Simon-Guzman regarding his waiver of the right to file a § 2255 motion:

> THE COURT: You're also giving up another valuable right, and that's a right, a post-conviction remedy. It's called a writ of a habeas corpus or 2255, statutory 2255, . . . Title 28, 2255. You would ordinarily have a right to come in and complain about the jurisdiction of the Court to give your sentence, or the constitutionality of the sentence or of the charge, complain about such matters as ineffective assistance of counsel. If you go forward with this plea, you give up that very valuable right. Do you understand that? Mr. Simon-Guzman?
>
> THE DEFENDANT: Yes.

(Digital Recording of 12/19/03 Rearraignment at 10:17-10:18). It is clear from the foregoing that Simon-Guzman's waivers were knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Simon-Guzman on April 13, 2004 to 41 months in the custody of the Bureau of Prisons, to be followed by a two-year term of supervised release, and a $100 special assessment. (D.E. 22, 23). Judgment of conviction and sentence was entered April 17, 2004. (D.E. 23). Consistent with his waiver of appellate rights, Simon-Guzman did not appeal. He filed the instant § 2255 motion on April 6, 2005. The sole claim he asserts therein is a claim pursuant to the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), which was extended to the federal sentencing guidelines in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

### III. DISCUSSION

A.  **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.    Waiver of § 2255 Rights**

The Court need not address whether Simon-Guzman has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that Simon-Guzman's motion fails in its entirety because he waived his right to file any § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, __ F.3d __, 2005 WL 887153 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Simon-Guzman challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[4]

It is clear from the rearraignment recording that Simon-Guzman understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. United States v.

---

[4]    Simon-Guzman does not assert an ineffective assistance of counsel claim on any ground.

4

Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Simon-Guzman's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

C. **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Simon-Guzman has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255

5

proceedings). It is unnecessary for the Court to decide whether Simon-Guzman has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Simon-Guzman's motion under 28 U.S.C. § 2255 is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 29th day of April 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE